Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
James K.T. Hunter (CA Bar No. 73369)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jhunter@pszjlaw.com

Attorneys for Plaintiff Richard M. Pachulski, Chapter 11 Trustee for the Bankruptcy Estate of Layfield & Barrett, APC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>        Debtor. | Case No.: 2:17-bk-19548-NB<br><br>Chapter 11 |
| RICHARD M. PACHULSKI, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC,<br><br>        Plaintiff,<br><br>vs.<br><br>JEFFREY YOUNG, CONAL DOYLE, WILSHIRE LAW FIRM, PLC, BABAK BOBBY SAADIAN, NEIFERT KHORSHID, a professional law corporation, and DOES 1 through 10,<br><br>        Defendants. | Adv. Case No.: _____<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS** |

Plaintiff, Richard M. Pachulski, in his capacity as the Chapter 11 Trustee of the bankruptcy estate of Layfield & Barrett, APC ("Plaintiff" or the "Trustee"), alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 157 and § 1334, and venue in this district is proper pursuant to 28 U.S.C. § 1409.

DOCS_LA:315850.1 51414/001

2. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all claims set forth herein are core proceedings under 28 U.S.C. § 157(b)(2)(F). The Trustee confirms his consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with the claims set forth herein to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are 11 U.S.C. §§ 547 and 550 and Bankruptcy Rule 7001.

## THE PARTIES

4. Plaintiff, Richard M. Pachulski, is the duly appointed and acting Chapter 11 Trustee of the bankruptcy estate of Layfield & Barrett, APC ("L&B" or the "Debtor"), in the above-captioned bankruptcy case pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), assigned case number 2:17-bk-19548-NB (the "Bankruptcy Case").

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant Jeffrey Young ("Young") is an individual who formerly was a client of L&B in a lawsuit filed by Young against Union Pacific Railroad Company in the Los Angeles Superior Court, Case No. BC542593, (the "Young/Union Pacific Lawsuit") and that Young currently is, and at all relevant times was, a resident of the County of Los Angeles, State of California.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant Conal Doyle ("Doyle") is an individual who formerly was a co-counsel with L&B involved in representing Young in the Young/Union Pacific Lawsuit and that Doyle currently is, and at all relevant times was, a resident of the County of Los Angeles, State of California.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant Wilshire Law Firm, PLC ("Wilshire") is, and at all relevant times was, a California law corporation which formerly was a co-counsel with L&B involved in representing Young in the Young/Union Pacific

Lawsuit and that Wilshire currently is, and at all relevant times was, doing business, and with its principal place of business, in the County of Los Angeles, State of California.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant Babak Bobby Saadian ("Saadian") is an individual who formerly, in his capacity as an employee of Wilshire, was a co-counsel with L&B involved in representing Young in the Young/Union Pacific Lawsuit and that Saadian currently is, and at all relevant times was, a resident of the County of Los Angeles, State of California.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendant Neifert Korshid, a professional law corporation ("Neifert Korshid") is, and at all relevant times was, a professional law corporation which formerly was, and currently is, counsel representing Young in connection with a dispute that arose between Young and L&B relating to the Young/Union Pacific Lawsuit and that Neifert Korshid currently is, and at all relevant times was, doing business, and with its principal place of business, in the County of Los Angeles, State of California.

10. Plaintiff is informed and believes, and based thereon alleges, that Does 1 through 10 were either the immediate or mediate transferee of one or more of the preferential transfers hereinafter alleged and/or alter ego of an immediate or mediate transferee of one or more of such preferential transfers. The true names the defendants named herein as Does 1 through 10 are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names when the same have been ascertained.

**BACKGROUND FACTS**

11. L&B was a professional law corporation with offices in a number of states, including California, Utah and Arizona.

12. On August 3, 2017 (the "Petition Date"), petitioning creditors The Dominguez Firm ("TDF"), Nayazi Reyes and Maria A. Rios (the "Petitioning Creditors") filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), against the Debtor in the Bankruptcy Court. Pursuant to section 541(a) of the Bankruptcy Code, the commencement of the Bankruptcy Case "creates an estate … comprised of … all legal or equitable interests of the debtor in property …," including, without limitation, all of a debtor's

3

DOCS_LA:315850.1 51414/001

claims, litigation rights and "property that the trustee recovers under section … 550" of the Bankruptcy Code (collectively, the "Bankruptcy Estate").  11 U.S.C. §§ 541(a)(1), (3).

13. That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* (the "Trustee Motion").  In the Trustee Motion, the Petitioning Creditors asserted, among other allegations, that L&B clients' "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …."

14. In response to the Trustee Motion, L&B, filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 (the "Conversion Motion"), seeking to convert the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code.  The Bankruptcy Court entered orders granting the Conversion Motion, and denying the Trustee Motion.

15. On August 16, 2017, L&B, Petitioning Creditors, and secured creditor, Advocate Capital, Inc. ("Advocate Capital"), entered into a *Stipulation for the Appointment of a Chapter 11 Trustee*, which the Bankruptcy Court approved by order on August 17, 2017.

16. On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Plaintiff Richard M. Pachulski as Chapter 11 Trustee in the Bankruptcy Case.  Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee*, which application was granted by the Bankruptcy Court's order entered the following day.

17. On August 28, 2017, Plaintiff filed his *Acceptance of Appointment as Chapter 11 Trustee* in the Bankruptcy Case.

## THE SUBJECT TRANSFERS

18. Plaintiff is informed and believes, and based thereon alleges, that on or about April 21, 2017, a Mutual Release and Settlement Agreement (the "Young Settlement Agreement") was entered into by and between L&B, on the one hand, and Young, Doyle, Saadian and Wilshire which

4

DOCS_LA:315850.1 51414/001

provided that L&B was obligated to make the a payment of $58,750.27 to Doyle (the "Doyle Payment Obligation"), a payment of $179,098.20 to Wilshire (the "Wilshire Payment Obligation") and a payment of $250,000 to Young (the "Young Payment Obligation" and, jointly with the "Doyle Payment Obligation and the Wilshire Payment Obligation, the "Young Settlement Agreement Payment Obligations").

19. Plaintiff is informed and believes, and based thereon alleges, that during the 90-day period prior to the commencement of L&B's bankruptcy case (the "Preference Period"), TDF, for and at the direction of L&B in satisfaction of the Young Settlement Agreement Payment Obligations, transferred funds then due and owing to, and the property of, L&B as follows: (1) on or about June 16, 2017, TDF issued and transmitted to Doyle a check made payable to Doyle Law in the amount of $58,750.27 in satisfaction of the Doyle Payment Obligation (the "Doyle Transfer"); (2) on or about June 16, 2017, TDF issued and transmitted to Neifert Khorshid a check made payable to the Neifert Khorshid Client Trust Account in the amount of $250,000 to Young in satisfaction of the Young Payment Obligation (the "Young Transfer"); and (3) on or about June 20, 2017, TDF issued and transmitted to Wilshire a check made payable to Wilshire in the amount of $179,098.20 to Wilshire in satisfaction of the Wilshire Payment Obligation (the "Wilshire Transfer" and, jointly with the Doyle Transfer and the Young Transfer, the "Young Settlement Agreement Transfers").

**I.**

**FIRST CAUSE OF ACTION**

**(For Avoidance of Preferential Transfer**

**Pursuant to 11 U.S.C. § 547(b) Against Doyle and Does 1 through 3)**

20. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19, above.

21. Plaintiff is informed and believes, and based thereon alleges, that during the Preference Period, Doyle was a creditor of L&B.

22. Plaintiff is informed and believes, and based thereon alleges, that the Doyle Transfer was made to or for the benefit of Doyle and Does 1 through 3.

5

DOCS_LA:315850.1 51414/001

23. Plaintiff is informed and believes, and based thereon alleges, that Doyle Transfer was made for or on account of an antecedent debt owed by L&B to Doyle under the terms of the Young Settlement Agreement.

24. Plaintiff is informed and believes, and based thereon alleges, that the Doyle Transfer was made during the Preference Period.

25. Plaintiff is informed and believes, and based thereon alleges, that the Doyle Transfer was made while L&B was insolvent.

26. Plaintiff is informed and believes, and based thereon alleges, that the Doyle Transfer enabled Doyle and Does 1 through 3 to receive more than Doyle and Does 1 through 3 would have received if (i) L&B's chapter 11 case was instead a case under chapter 7 of the Bankruptcy Code; (ii) the transfer and/or payment had not been made; and (iii) Doyle and Does 1 through 3 received payment on account of the debt paid by the Doyle Transfer to the extent provided by the Bankruptcy Code.

27. Plaintiff is informed and believes, and based thereon alleges, that the Doyle Transfer constitutes an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

## II.

## SECOND CAUSE OF ACTION

## (For Avoidance of Preferential Transfer

## Pursuant to 11 U.S.C. § 547(b) Against Wilshire, Saadian and Does 4 through 6)

28. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19, above.

29. Plaintiff is informed and believes, and based thereon alleges, that during the Preference Period, Wilshire was a creditor of L&B.

30. Plaintiff is informed and believes, and based thereon alleges, that the Wilshire Transfer was made to or for the benefit of Wilshire, Saadian and Does 4 through 6.

31. Plaintiff is informed and believes, and based thereon alleges, that Wilshire Transfer was made for or on account of an antecedent debt owed by L&B to Wilshire under the terms of the Young Settlement Agreement.

6

DOCS_LA:315850.1 51414/001

32. Plaintiff is informed and believes, and based thereon alleges, that the Wilshire Transfer was made during the Preference Period.

33. Plaintiff is informed and believes, and based thereon alleges, that the Wilshire Transfer was made while L&B was insolvent.

34. Plaintiff is informed and believes, and based thereon alleges, that the Wilshire Transfer enabled Wilshire, Saadian and Does 4 through 6 to receive more than Wilshire, Saadian and Does 4 through 6 would have received if (i) L&B's chapter 11 case was instead a case under chapter 7 of the Bankruptcy Code; (ii) the transfer and/or payment had not been made; and (iii) Wilshire, Saadian and Does 4 through 6 received payment on account of the debt paid by the Wilshire Transfer to the extent provided by the Bankruptcy Code.

35. Plaintiff is informed and believes, and based thereon alleges, that the Wilshire Transfer constitutes an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

## III.

## THIRD CAUSE OF ACTION

## (For Avoidance of Preferential Transfer

## Pursuant to 11 U.S.C. § 547(b) Against Young, Neifert Korshid and Does 7 through 10)

36. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19, above.

37. Plaintiff is informed and believes, and based thereon alleges, that during the Preference Period, Young was a creditor of L&B.

38. Plaintiff is informed and believes, and based thereon alleges, that the Young Transfer was made to or for the benefit of Young, Neifert Korshid and Does 7 through 10.

39. Plaintiff is informed and believes, and based thereon alleges, that Young Transfer was made for or on account of an antecedent debt owed by L&B to Young under the terms of the Young Settlement Agreement.

40. Plaintiff is informed and believes, and based thereon alleges, that the Young Transfer was made during the Preference Period.

7

DOCS_LA:315850.1 51414/001

41. Plaintiff is informed and believes, and based thereon alleges, that the Young Transfer was made while L&B was insolvent.

42. Plaintiff is informed and believes, and based thereon alleges, that the Young Transfer enabled Young, Neifert Korshid and Does 7 through 10 to receive more than Young, Neifert Korshid and Does 7 through 10 would have received if (i) L&B's chapter 11 case was instead a case under chapter 7 of the Bankruptcy Code; (ii) the transfer and/or payment had not been made; and (iii) Young, Neifert Korshid and Does 7 through 10 received payment on account of the debt paid by the Young Transfer to the extent provided by the Bankruptcy Code.

43. Plaintiff is informed and believes, and based thereon alleges, that the Young Transfer constitutes an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

## IV.

## FOURTH CAUSE OF ACTION

## (For Recovery of Avoided Transfer

## Pursuant to 11 U.S.C. § 550 Against Doyle and Does 1 through 3)

44. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19 and 21 through 27, above.

45. Plaintiff is informed and believes, and based thereon alleges, that each of Doyle and Does 1 through 3 was either (i) the initial transferee of the Doyle Transfer, (ii) the entity for whose benefit the Doyle Transfer was made, or (iii) an immediate or mediate transferee of the Doyle Transfer.

46. Plaintiff is informed and believes, and based thereon alleges, that the Doyle Transfer is recoverable pursuant to section 550 of the Bankruptcy Code and that Plaintiff is entitled to recover the value of the Doyle Transfer from each and all of Doyle and Does 1 through 3 pursuant to section 550(a) of the Bankruptcy Code.

**V.**

**FIFTH CAUSE OF ACTION**

**(For Recovery of Avoided Transfer**

**Pursuant to 11 U.S.C. § 550 Against Wilshire, Saadian and Does 4 through 6)**

47.  Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19 and 29 through 35, above.

48.  Plaintiff is informed and believes, and based thereon alleges, that each of Wilshire, Saadian and Does 4 through 6 was either (i) the initial transferee of the Wilshire Transfer, (ii) the entity for whose benefit the Wilshire Transfer was made, or (iii) an immediate or mediate transferee of the Wilshire Transfer.

49.  Plaintiff is informed and believes, and based thereon alleges, that the Wilshire Transfer is recoverable pursuant to section 550 of the Bankruptcy Code and that Plaintiff is entitled to recover the value of the Wilshire Transfer from each and all of Wilshire, Saadian and Does 4 through 6 pursuant to section 550(a) of the Bankruptcy Code.

**VI.**

**SIXTH CAUSE OF ACTION**

**(For Recovery of Avoided Transfer**

**Pursuant to 11 U.S.C. § 550 Against Young, Neifert Korshid and Does 7 through 10)**

50.  Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19 and 37 through 43, above.

51.  Plaintiff is informed and believes, and based thereon alleges, that each of Young, Neifert Korshid and Does 7 through 10 was either (i) the initial transferee of the Young Transfer, (ii) the entity for whose benefit the Young Transfer was made, or (iii) an immediate or mediate transferee of the Young Transfer.

52.  Plaintiff is informed and believes, and based thereon alleges, that the Young Transfer is recoverable pursuant to section 550 of the Bankruptcy Code and that Plaintiff is entitled to recover the value of the Young Transfer from each and all of Young, Neifert Korshid and Does 7 through 10 pursuant to section 550(a) of the Bankruptcy Code.

DOCS_LA:315850.1 51414/001

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment in each cause of action as follows:

1. Pursuant to the First and Fourth Causes of Action, enter judgment in favor of Plaintiff and against Doyle and Does 1 through 3 under sections 547 and 550 of the Bankruptcy Code and allow Plaintiff to avoid and recover the Doyle Transfer in the amount of $58,750.27;

2. Pursuant to the Second and Fifth Causes of Action, enter judgment in favor of Plaintiff and against Wilshire, Saadian and Does 4 through 6 under sections 547 and 550 of the Bankruptcy Code and allow Plaintiff to avoid and recover the Wilshire Transfer in the amount of $179,098.20;

3. Pursuant to the Third and Sixth Causes of Action, enter judgment in favor of Plaintiff and against Young, Neifert Korshid and Does 7 through 10 under sections 547 and 550 of the Bankruptcy Code and allow Plaintiff to avoid and recover the Young Transfer in the amount of $250,000.00;

4. Award Plaintiff prejudgment interest at the legally allowed applicable rate;

5. Award Plaintiff's costs and expenses of suit herein; and

6. Grant Plaintiff such other and further relief as the Court deems just and appropriate.

Dated: July 23, 2018                    PACHULSKI STANG ZIEHL & JONES LLP


*/s/ James K.T. Hunter*
James K.T. Hunter

Attorneys for Plaintiff Richard M. Pachulski, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC

10

DOCS_LA:315850.1 51414/001